Jennifer L. Santa Maria CA Bar No. 225875
jennifer.santamaria@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendant ARTHUR J. GALLAGHER &
CO.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WINET,<br><br>      Plaintiff,<br><br>      v.<br><br>ARTHUR J. GALLAGHER & CO.;<br>and DOES 1-50 inclusive,<br><br>      Defendant. | Case No. '20CV0014 W    BGS<br><br>**DEFENDANT ARTHUR J. GALLAGHER & CO.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Complaint Filed: November 25, 2019<br>Trial Date:    Not Set |

41246751_1.docx

**DEFENDANT ARTHUR J. GALLAGHER & CO.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant Arthur J. Gallagher & Co. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. Sections 1332, 1441, and 1446. Defendant does so on the grounds that: 1) complete diversity of citizenship exists between plaintiff Richard Winet ("Plaintiff") and Defendant; 2) the amount in controversy exceeds the jurisdictional minimum; and 3) the foregoing facts were true when Plaintiff filed his complaint and remain true as of this filing.

I.    **THE STATE COURT ACTION**

1.    On November 25, 2019, Plaintiff filed a Complaint in the Superior Court of California, County of San Diego captioned *Richard Winet vs. Arthur J. Gallagher & Co.*, case number 37-2019-00062836-CU-WT-CTL. The Complaint purports to assert claims for: (1) Breach of Contract; (2) Discrimination and Harassment in violation of FEHA; (3) Failure to Prevent Harassment and Discrimination in Violation of FEHA; (4) Retaliation in Violation of California Labor Code section 1102.5; (5) Violation of ERISA 29 U.S.C. § 510; (6) Wrongful Termination in Violation of Public Policy; (7) Violation of Labor Code §§ 201, 203; (8) Violation of ADA; (9) Fraud; and (10) Negligence/Negligent Misrepresentation. Defendant Arthur J. Gallagher & Co. was served with the Complaint on December 4, 2019. A true and correct copy of the Complaint and other documents served on Defendant is attached to the Declaration of Jennifer L. Santa Maria ("Santa Maria Decl.") as Exhibit A.

2.    On December 31, 2019, Defendant timely filed its answer in San Diego County Superior Court. A true and correct copy of Defendant's answer to the Complaint is attached as Exhibit B to the Santa Maria Decl.

II.    **THE REMOVAL IS TIMELY**

3.    On or about December 4, 2019, Defendant received Plaintiff's

41246751_1.docx

1

Case No. CaseNumber

**DEFENDANT ARTHUR J. GALLAGHER & CO.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

Summons and Complaint through service on Defendant's agent for service of process. See Exhibit A to Santa Maria Decl.

4.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within 30 days of Defendant's receipt of the Summons and Complaint.

## III.    VENUE

5.    The Superior Court of California, County of San Diego, is located within the territory of the Southern District of California.  Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. §84(c)(2) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## IV.    BASIS FOR REMOVAL

6.    The Court having original jurisdiction over this action pursuant to 28 U.S.C. § 1332, Defendant may remove it to this Court pursuant to 28 U.S.C. § 1441. This case is between citizens of different states, and the amount in controversy exceeds $75,000.

### A.    Diversity of Citizenship Requirement is Established.

7.    For purposes of diversity, an individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place he resides with the intention to remain or to which he intends to return.  *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001).

8.    Plaintiff alleges that at all relevant times he was at all relevant times an individual residing in the County of San Diego with his domicile located in the State of California. (Complaint ¶ 2.) Accordingly, Defendant alleges that Plaintiff is, and was at the time he filed this action, domiciled in and a citizen of the State of California for purposes of this removal.  Defendant alleges Plaintiff is not a citizen of Delaware or Illinois.

41246751_1.docx

**DEFENDANT ARTHUR J. GALLAGHER & CO.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

9.      Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court has established that a corporation's principal place of business for purposes of diversity jurisdiction "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *The Hertz Corporation v. Friend*, 130 S. Ct. 1181, 1184 (2010).  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination."  *Id*.

10.     Defendant Arthur J. Gallagher & Co. is, and at all times relevant to this action was, incorporated in the State of Delaware.  Further, its headquarters and principal place of business - which is its center of direction, control, and coordination - is in the State of Illinois. (Declaration of Brian D. McCarthy ¶¶ 2-3.) For the purposes of federal diversity jurisdiction, Arthur J. Gallagher & Co. is a citizen of the States of Delaware and Illinois, and not of the State of California.

11.     For the purposes of removal, courts disregard the citizenship of fictitiously named "doe" defendants.  28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.".)

12.     Here, complete diversity of citizenship exists between Plaintiff and Defendant.

**B.      The Amount-in-Controversy Requirement is Satisfied.**

13.     This matter also easily satisfies the amount-controversy threshold based on Plaintiff's demand alone.  In addition, Plaintiff seeks emotional distress damages, punitive damages and attorneys' fees, which courts also consider when determining the amount in controversy.  Thus, the case is removable.

14.     When a defendant seeks removal on diversity grounds, "the sum

41246751_1.docx

3

Case No. CaseNumber

**DEFENDANT ARTHUR J. GALLAGHER & CO.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  Here, Plaintiff alleges he is owed "lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits, lost equity." (Complaint pg. 22.)

15.    When considering the jurisdictional threshold, the Court also must consider all recoverable damages, including damages for emotional distress, punitive damages, and attorney's fees. See *Kroske v. US Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp*., 261, F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc*., 75 F.3d 311, 315 (7th Cir. 1996); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in calculating the amount in controversy if recoverable by statute or contract).

16.     Here, Plaintiff seeks an award of exemplary damages, emotional distress damages and statutory attorneys' fees, among other things.  (Complaint, pg. 22.)

17.    Further, while a court may not consider speculative facts baldly reciting damages exceeding the jurisdictional minimum, the Court properly may rely on the facts in the complaint, the notice of removal, and any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Matheson v. Progressive Specialty Ins. Co*., 319 F. 3d 1089, 1090-91 (9th Cir. 2003); 28 U.S.C. § 1332(a); *Gaus v. Miles, Inc*., 980 F. 2d 564, 566-67 (9th Cir. 1992).

18.    It is well-settled that a settlement demand may be used to demonstrate the amount in controversy. *Cohn v. Petsmart, Inc*., 281 F.3d 837, 840   (9th Cir. 2002) ("letter [from plaintiff's attorney] is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); see also *Babasa v. LensCrafters, Inc*., 498 F.3d 972, 973-75 (9th Cir. 2007) (pre-

**DEFENDANT ARTHUR J. GALLAGHER & CO.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

mediation demand letter constitutes evidence of the amount in controversy); *Rising-Moore v. Red Roof Inns, Inc*., 435 F.3d 813, 815-16 (7th Cir. 2006) ("[plaintiff]'s lawyer has revealed what he thinks his loss amounts to . . . This is the amount 'in controversy.'"); *Arellano v. Home Depot*, 245 F.Supp.2d 1102, 1108 (S.D. Cal. 2003) (holding that plaintiff's settlement letter seeking $70,000 was evidence that the amount in controversy met the jurisdictional threshold because "the Ninth Circuit has clearly established that a court may rely solely upon a settlement letter in determining the amount in controversy if the letter appears to reflect a reasonable estimate of the plaintiff's claim").

19.   In this case, the amount in controversy is easily ascertained from Plaintiff's settlement demand to Defendant.  On August 9, 2019, Plaintiff - through his attorney of record, made a settlement demand stating "Therefore, Mr. Winet's loss will be nine years multiplied times $70,000 a year, or $630,000. In addition, Mr. Winet is owed commissions from the date of his termination to the conclusion of the three year payment obligation on the part of Gallagher, which totals $39,350." (Santa Maria Decl., ¶ 4; Exhibit C to Santa Maria Decl.)

20.   Thus, based on the express amounts cited in Plaintiff's demand letter, and his request for emotional distress damages, exemplary damages and attorneys' fees, Plaintiff's total demand well exceeds the jurisdictional minimum of $75,000. Therefore, removal is proper because the alleged damages exceed this Court's jurisdictional limit.

21.   As 28 U.S.C. § 1446(b)(3) requires, Defendant's Notice was filed within thirty (30) days after Defendant was served with a copy of Plaintiff's Complaint.

22.   As 28 U.S.C. § 1446(d) requires, Defendant will provide notice of this Removal to Plaintiff via his attorneys of record.

23.   As 28 U.S.C. § 1446(d) further requires, Defendant will file a copy of the original Notice of Removal with the Clerk of the Superior Court of California,

41246751_1.docx

5

Case No. CaseNumber

**DEFENDANT ARTHUR J. GALLAGHER & CO.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

County of San Diego and the Clerk of the Southern District of California.  True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

## V.    <u>CONCLUSION</u>

24.    Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

25.    If this Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause, so Defendant may submit a more detailed brief and/or explanation outlining the bases for removal.

DATED: January 2, 2020                     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ *Jennifer L. Santa Maria*
      Jennifer L. Santa Maria
      Attorneys for Defendant ARTHUR J. GALLAGHER & CO.

41246751_1.docx

**DEFENDANT ARTHUR J. GALLAGHER & CO.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**