# EXHIBIT B

Jennifer L. Santa Maria, CA Bar No. 225875
jennifer.santamaria@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
Telephone:   858-652-3100
Facsimile:   858-652-3101

Attorneys for Defendant ARTHUR J.
GALLAGHER & CO.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

## CENTRAL DIVISION

| | |
|---|---|
| RICHARD WINET, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ARTHUR J. GALLAGHER & CO.; and DOES 1-50 inclusive,<br><br>　　　　　Defendant. | Case No. 37-2019-00062836-CU-WT-CTL<br><br>*[Assigned for all purposes to The Honorable Ronald L. Styn , Dept. C-74]*<br><br>**DEFENDANT ARTHUR J. GALLAGHER & CO.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed:   November 25, 2019<br>Trial Date:     Not Set |

Defendant ARTHUR J. GALLAGHER & CO. ("Defendant") hereby responds to the Complaint for Damages filed by Plaintiff RICHARD WINET ("Plaintiff") as follows:

## GENERAL DENIAL

Under Code of Civil Procedure §431.30, Defendant denies, generally and specifically, each and every allegation contained in the Complaint. Defendant denies that Plaintiff was injured and/or damaged in any sum or sums, and deny that it committed the alleged acts intentionally, negligently, carelessly, recklessly, or otherwise acted unlawfully or committed any other wrongful act whatsoever.

## AFFIRMATIVE DEFENSES

Additionally, without admitting that it carries the burden of proof as to any of the issues raised hereby, Defendant asserts the following separate and distinct defenses to Plaintiff's Complaint and each purported cause of action therein and prays for judgment as set forth below.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2. The claims in the Complaint are barred to the extent they were not brought within the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 337, 338, 339, 340 and 343.

## THIRD AFFIRMATIVE DEFENSE

3. This Court lacks jurisdiction over the Complaint because Plaintiff failed to timely and/or properly exhaust his administrative remedies as required by applicable law.

## FOURTH AFFIRMATIVE DEFENSE

4. The Complaint is barred by the doctrine of unclean hands because of Plaintiff's conduct and actions.

## FIFTH AFFIRMATIVE DEFENSE

5. The Complaint is barred because Plaintiff is estopped from asserting the claims alleged therein.

## SIXTH AFFIRMATIVE DEFENSE

6. The Complaint is barred on the grounds that Defendant, at all relevant times, exercised reasonable care to prevent and immediately correct any harassing or discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities or to otherwise avoid harm.

## SEVENTH AFFIRMATIVE DEFENSE

41246750_1.docx

7. Any and all claims in the Complaint based, in whole or in a part, upon any alleged physical or emotional injury or distress, are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries is governed by the exclusivity provisions of the California Workers' Compensation Act and before the Workers' Compensation Appeals Board. (Lab. Code §§3600 et seq.)

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendant is informed and believes and thereon alleges that a reasonable opportunity for investigation and discovery will reveal that insofar as Plaintiff seeks recovery for alleged physical or emotional injuries or conditions, which are denied, some or all of such injuries are due to other personal circumstances existing in Plaintiff's life during the relevant time or to pre-existing conditions, and not any actions of Defendant.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's prayers for general, special, compensatory, and/or punitive damages are barred under California law by the doctrine of avoidable consequences, because Plaintiff unreasonably failed to make use of anti-discrimination and/or -harassment procedures by failing to timely and properly report any alleged discrimination and/or harassment or other unlawful behavior and Plaintiff's damages would have been avoided in whole or in part by reasonable use of these procedures.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff is not entitled to recover punitive or exemplary damages from Defendant because any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff is not entitled to recover punitive or exemplary damages because he failed to allege facts sufficient to state a claim for punitive damages.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendant did not authorize, direct, or participate in any alleged discriminatory or harassing behavior.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendant did not commit the acts or omissions as alleged in the Complaint for any discriminatory motive, but assuming it did, such acts or omissions would have been taken in any event for legitimate, nondiscriminatory, non-pretextual reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The claims in the Complaint are barred by the doctrine of res judicata and collateral estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. The claims in the Complaint are barred by the doctrine of waiver because Plaintiff has released all or a part of the right to relief for the claims alleged against Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. The claims in the Complaint are barred by the doctrines of estoppel and laches because Defendant neither knew nor had reason to know of the alleged acts and omissions complained of in this case.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. At all relevant times, Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

### NINETEENTH AFFIRMATIVE DEFENSE

19. The claims in the Complaint are subject to set off and recoupment.

### TWENTIETH AFFIRMATIVE DEFENSE

20. The Complaint is barred to the extent Plaintiff failed to comply with the obligations and pertinent duties pursuant to California Labor Code sections 2856 and 2857.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. The Complaint is barred because any damages allegedly suffered by Plaintiff were directly and proximately caused by and/or contributed to by Plaintiff's own negligence and/or comparative fault, or the negligence and fault of other persons or entities, and, therefore, any recovery by

Plaintiff against Defendant should be offset, diminished, and reduced in accordance with the principles of comparative fault.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. The Complaint is barred because any decisions Defendant made concerning Plaintiff were made in good faith and reasonably based on the facts as Defendant understood them.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. The Complaint is barred because Defendant's actions were, and are, justified by legitimate, lawful business considerations.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. The Complaint is barred on the grounds that Defendant, at all relevant times, exercised reasonable care to prevent and immediately correct any improper behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities or to otherwise avoid harm.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims for damages are barred because such damages, if any, were not the result of acts, representations, or omissions of Defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. The Complaint is barred because any damages or injuries that Plaintiff allegedly suffered were caused by Plaintiff's own conduct and actions and not because of any unlawful conduct or actions by Defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. The Complaint and each cause of action alleged therein are barred because, assuming, arguendo, that there was a violation of the Fair Employment and Housing Act and/or other violation of law, Plaintiff's claims remain barred, in whole or in part, because even without any said impermissible factor, all employment actions taken still would have been taken due to other legitimate, non-prohibited, and/or independent reason(s). Defendant raises the "mixed-motive" defense.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Any recovery on Plaintiff's Complaint with respect to the allegations and claims for failure to pay wages fail because Plaintiff was paid all compensation and benefits to which he was lawfully entitled and to which he voluntarily agreed to and expected.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Plaintiff is not entitled to any penalty award under any section of the California Labor Code because at all relevant times Defendant did not willfully, knowingly, or intentionally fail to comply with the compensation or other provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate these provisions.

### THIRTIETH AFFIRMATIVE DEFENSE

30. The Complaint, and each cause of action therein, fails to state a claim for penalties under California Labor Code section 203 because there is a good faith dispute as to Defendant's obligation to pay any wages that may be found to be due.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Even assuming, arguendo, that Plaintiff was entitled to wages due and owing and waiting time penalties pursuant to Labor Code section 203, Defendant did not willfully fail to pay wages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. As a defense to each cause of action in the Complaint, Defendant alleges that at all times mentioned, Plaintiff consented to the acts and events set forth herein.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Defendant is informed and believes and thereon alleges that a reasonable opportunity for investigation and discovery will reveal that Plaintiff's claims are barred in whole or in part because Plaintiff failed to take reasonable steps to mitigate his alleged damages.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff's contractual claims are barred by the Statute of Frauds, absence of consideration, and/or lack of mutual obligation.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred on the ground that as to each and every oral, implied or other contractual relationship alleged therein, there was a failure of consideration.

41246750_1.docx

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred by the doctrine of accord, satisfaction, and release.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37. No contract, implied or expressed, existed between the Defendants and Plaintiff.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38. Defendant made no promise to Plaintiff regarding his employment that it should have reasonably expected to induce action by Plaintiff. Plaintiff did not reasonably rely upon statements/representations allegedly made by Defendant. Nor is there an existence of circumstances such that justice can be avoided only by enforcement of the alleged promise.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39. Should this Court find that Defendant and Plaintiff entered a contract, Plaintiff breached the contract.

### FORTIETH AFFIRMATIVE DEFENSE

40. Any alleged contract is ultra vires and void.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41. As a separate and distinct affirmative defense, Defendant alleges that Defendant performed and discharged each and every obligation owed to Plaintiff, if any, except such obligations as Defendant was excused from performing as a result of Plaintiff's conduct and failure to perform obligations.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred by Plaintiff's failure to perform the conditions precedent.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43. If this Court finds that a contract existed, Plaintiff has failed to exhaust the remedies provided by such contract and may not bring this action.

### RESERVATION OF RIGHTS

Defendant presently has insufficient knowledge or information on which to form a belief as

to whether it may have additional, yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that any additional defenses would be appropriate.

WHEREFORE, Defendant prays as follows:

1. For entry of judgment in favor of Defendant and against Plaintiff;
2. That Plaintiff take nothing by way of his Complaint;
3. That Defendant be awarded costs of suit herein;
4. That Defendant be awarded actual attorney fees incurred in defending this suit; and
5. For such other and further relief as this Court may deem just and proper.

DATED: December 31, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Jennifer L. Santa Maria

Attorneys for Defendant ARTHUR J. GALLAGHER & CO.

41246750.1

41246750_1.docx

8
DEFENDANT ARTHUR J. GALLAGHER & CO.'S ANSWER TO PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE
*Richard Winet vs. Arthur J. Gallagher & Co., et al.*
Case No. 37-2019-00062836-CU-WT-CTL

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego, in the office of a member of the bar of this court at whose direction the service was made. My business address is 4370 La Jolla Village Drive, Suite 990, San Diego, CA 92122.

On December 31, 2019, I served the following document(s):

**DEFENDANT ARTHUR J. GALLAGHER & CO.'S ANSWER TO PLAINTIFF'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at 4370 La Jolla Village Drive, Suite 990, San Diego, CA 92122.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Diego, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

　　☐ the written confirmation of counsel in this action:

　　☐ [State Court motion, opposition or reply only] Code of Civil Procedure section 1005(b):

　　☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached

service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Addressee(s)

Randall L. Winet
Aaron C. Hanes
Winet Patrick Gayer Creighton & Hanes
1215 West Vista Way
Vista, CA 92083
Tel.:   760.758.4261
Fax.:  760.758.6420
Email: rwinet@wpgch.com;
          ahanes@wpgch.com

Counsel for Plaintiff, RICHARD WINET

☒   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   (Federal)  I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 31, 2019, at San Diego, California.

Gina Bonelli
Type or Print Name                                             Signature

41089525.1

2