UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WINET, an individual,<br><br>         Plaintiff,<br><br>v.<br><br>ARTHUR GALLAGHER & CO.; and DOES 1-50, Inclusive,<br><br>         Defendants. | Case No.:  3:20-CV-00014 W (BGS)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [DOC. 14]** |

Pending before the Court is Plaintiff's motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 15(a)(2).  [Doc. 14.] Defendant Arthur Gallagher & Co. ("Defendant") opposes.

The Court decides the matters on the papers submitted and without oral argument under Civil Local Rule 7.1(d)(1).  For the reasons stated below, the Court **GRANTS** the motion [Doc. 14].

//

//

//

1

## I. BACKGROUND

On November 25, 2019, Plaintiff filed his initial complaint in California state court alleging breach of contract and various workplace harassment, discrimination, and tort claims relating to the alleged breach.  (*Notice of Removal* [Doc. 1-4] Ex. A.)

On January 2, 2020, Defendant removed the action to this Court and filed its answer to the complaint.  (*Notice of Removal* [Doc. 1]; *Answer* [Doc. 2].)

On April 28, 2020, Magistrate Judge Skomal issued a scheduling order that set a deadline for filing any motions to join other parties, amend the pleadings, or to file additional pleadings by May 22, 2020.  (*Scheduling Order* [Doc. 11] ¶ 1.)

On May 20, 2020, Plaintiff moved for an order granting leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  (*Notice Mot. Leave File Am. Compl.* [Doc. 14].)  On June 15, 2020, Defendant filed an opposition to Plaintiff's motion, asserting that FRCP 16 controls the standards by which this Court should evaluate Plaintiff's motion.  (*Def.'s Opp'n* [Doc. 17].)  On June 19, 2020, Plaintiff filed his Reply.  (*Pl.'s Reply* [Doc. 20].)

## II. LEGAL STANDARD

The decision about whether to grant leave to amend rests in the sound discretion of the district court.  Pisciotta v. Teledyne Industries, Inc., 91 F.3d 1326, 1331 (9th Cir. 1996).  However, under FRCP 15(a)(2), leave "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Factors considered in assessing the propriety of a motion for leave to amend are: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint.  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).  The party opposing leave to amend bears the burden of demonstrating why leave should be denied.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

### III. DISCUSSION

Plaintiff seeks leave to file an amended complaint to add two new claims, an Age Discrimination in Employment Act ("ADEA") violation and a breach of the implied covenant of good faith and fair dealing. (*First Am. Compl.* [Doc. 14-2] Ex. 1, ¶¶ 127–153.) These two new claims arise from the same facts alleged in Plaintiff's original complaint. (*See Notice of Removal* [Doc. 1-4] Ex. A.; *see also First Am. Compl.* [Doc. 14-2] Ex. 1.) In the original complaint, Plaintiff alleged a claim for age discrimination under California Government Code section 12940. (*Notice of Removal* [Doc. 1-4] Ex. A., ¶¶ 54–69). Plaintiff also alleged that he entered into a compensation agreement with McGregor, which is now owned by Defendant, whereby McGregor employed Plaintiff as McGregor's General Manager of Sales. (*Id.* at ¶ 11.) Plaintiff was to receive an annual salary plus commissions of 25 cents per new member per month, which would continue for three years from the start of business. (*Id.*) This agreement remained in effect when Defendant bought McGregor. (*Id.* at ¶¶ 19, 21.) Plaintiff alleged he materially performed his contract terms, yet Defendant diverted some of Plaintiff's commissions to other employees and stopped paying all previously earned commissions upon Plaintiff's termination. (*Id.* at ¶¶ 24, 26, 27, 30, 31, 40.)

Defendant asserted that FRCP 16, rather than FRCP 15, controls the standards by which this Court should evaluate Plaintiff's motion for leave to file an amended complaint. (*Def.'s Opp'n* [Doc. 17] 2:19–10.) However, FRCP 16 applies when a party seeks to modify a scheduling order after noncompliance with a FRCP 16 deadline. Fed. R. Civ. P. 16(b). Plaintiff complied with the April 28, 2020 scheduling order's May 22, 2020 deadline for filing any motions to amend the pleadings by filing this motion on May 20, 2020. (*Notice Mot. Leave File Am. Compl.* [Doc. 14].) Therefore, FRCP 16 does not apply. Despite Defendant's failure to address the FRCP 15 factors, the Court will nevertheless assess Plaintiff's motion according to FRCP 15.

As stated above, courts consider the following factors in determining whether to grant a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the

opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

### A. Bad Faith

Courts evaluate bad faith by determining whether the moving party seeks to prolong meritless litigation by adding baseless legal theories or if there is any evidence of wrongful motive. Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 881 (9th Cir. 1999). Here, Plaintiff's additional legal theories are not baseless. Title 29 of the United States Code section 623(a) provides that it is unlawful for an employer "to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." Additionally, "[in] every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Universal Sales Corp. v. Cal. Press Mfg. Co., 20 Cal. 2d 751, 771 (1942). In his proposed first amended complaint, Plaintiff alleges: (1) he was forty years old or older at all times during his employment with McGregor and Defendant; (2) he was sixty years old when Defendant terminated him; (3) during his employment, Defendant harassed and discriminated against Plaintiff because of his age; and (3) this harassment and discrimination culminated in Plaintiff's termination. (*First Am. Compl*. [Doc. 14-2] Ex. 1, ¶¶ 143–153.) Plaintiff also alleges that he materially performed his contract terms under his compensation agreement and Defendant breached the implied covenant of good faith and fair dealing when it diverted some of Plaintiff's commissions to other employees and stopped paying all previously earned commissions upon Plaintiff's termination. (*Id*. at ¶¶ 129–139.) Taken as true, these allegations provide the bases for claims that Defendant took adverse employment actions against Plaintiff because of Plaintiff's age and that Defendant interfered with Plaintiff's ability to receive his benefits under the compensation agreement. See 29 U.S.C. § 623(a); see also Universal Sales Corp., 20 Cal. 2d at 771.

Additionally, there is no evidence Plaintiff acted with wrongful motive. Plaintiff's two new claims arose from the same facts alleged in the original complaint, which Defendant was on notice of since November 25, 2019. (*Notice of Removal* [Doc. 1-4] Ex. A., ¶¶ 11, 19, 21, 24, 26, 27, 30, 31, 40, 54–69; *First Am. Compl.* [Doc. 14-2] Ex. 1, ¶¶ 129–139, 143–153.) On March 18, 2020, at the ENE and scheduling conference, Plaintiff's counsel advised Defendant's counsel that the original complaint needed amending to add additional causes of action. (*Decl. Aaron C. Hanes* [Doc. 14-2] ¶ 3.) Plaintiff kept Defendant informed of the lawsuit's scope and the attempt to amend the complaint does not appear to be a mere litigation tactic. Therefore, this factor weighs in favor of granting leave to file the amended complaint.

### B. Undue Delay

"Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens upon the court." Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U., 980 F. Supp. 2d 1160, 1176 (E.D. Cal. 2013). The nonmoving party is prejudiced when amendment would increase their costs unnecessarily or hinder their ability to adequately respond to the new claim. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

Here, pursuant to the April 28, 2020 scheduling order, Plaintiff filed his motion to amend the complaint on May 20, 2020, before the order's May 22 deadline. (*Scheduling Order* [Doc. 11] ¶ 1; *Notice Mot. Leave File Am. Compl.* [Doc. 14].) Discovery opened on April 17, 2020 and fact discovery is not complete until August 24, 2020. (*Joint Disc. Plan* [Doc. 7] 2:12-13.) Defendant will not suffer from undue delay because it knew from the ENE and scheduling conference that Plaintiff intended to amend the complaint, Plaintiff timely filed the motion to amend, and Defendant has ample time to prepare defenses to the proposed first amended complaint. Consequently, this factor weighs in Plaintiff's favor.

**C.** Prejudice to the Opposing Party

Defendant argues it will be prejudiced if this Court grants Plaintiff's motion because it will need to perform additional discovery. (*Def.'s Opp'n* [Doc. 17] 4:24–5:5.) Plaintiff retorts that Defendant failed to identify what discovery it would need beyond the two months still existing. (*Pl.'s Reply* [Doc. 20] 4:19-22).

Of all the factors, consideration of prejudice to the opposing party carries the most weight within the Ninth Circuit. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the [other] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."). "In evaluating prejudice courts often consider whether relevant deadlines would have to be continued as a result of the new pleading, the stage of discovery at the time of amendment, the extent to which additional discovery would have to be conducted, and the degree to which amendment may delay the proceedings." Imblum v. Code Corp., No. 316CV02110CABAGS, 2017 WL 3594569, at *2 (S.D. Cal. Aug. 21, 2017) (citing Johnson v. Serenity Transp., Inc., Case No. 14-cv-02004-JSC, 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015) (collecting cases)).

Defendant has not adequately established that granting leave to amend the complaint at this stage would require a drastic shift in litigation strategy. Defendant knew as early as March 18 that Plaintiff intended to amend the complaint. (*Decl. Aaron C. Hanes* [Doc. 14-2] ¶ 3.) Defendant expressed concern regarding discovery yet had not propounded any discovery on Plaintiff by June 19, 2020, the date Plaintiff filed his Reply. (*Pl.'s Reply* [Doc. 20] 4:19.) In fact, Defendant failed to respond to written discovery and Plaintiff provided Defendant with a July 3, 2020 extension. (*Id.* at 4:17-19.) The parties still have nearly two months to complete discovery and the proposed first amended complaint does not set forth new facts, only new legal theories. Accordingly, the absence of prejudice weighs in favor of granting leave to file the amended complaint.

### D. Futility of Amendment

A court may deny leave to amend if it appears to be futile or legally insufficient. See Carrico v. City & Cty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2001). The test of futility is the same standard used in considering the sufficiency of a pleading challenged under Rule 12(b)(6)." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988), implied overruling on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009). A court must accept the allegations in the pleading as true in considering the amendment. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).

Construing all allegations in Plaintiff's proposed first amended complaint as true and drawing all reasonable inferences therefrom in Defendant's favor, the Court declines to find as a matter of law that amendment would be futile. According to the proposed first amended complaint, Defendant took an adverse employment action against Plaintiff because of his age and interfered with Plaintiff's ability to receive his benefits under the compensation agreement in violation of the ADEA and implied covenant of good faith and fair dealing. (*First Am. Compl.* [Doc. 14-2] Ex. 1, ¶¶ 129–139, 143–153.) Any further arguments regarding the merits of the underlying claim and disputed factual issues may be made via a motion to dismiss or at the summary judgment stage.

## IV. CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint. [Doc. 14].

**IT IS SO ORDERED.**

Dated: July 16, 2020

Hon. Thomas J. Whelan
United States District Judge