UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WINET,<br><br>          Plaintiff,<br><br>v.<br><br>ARTHUR J. GALLAGHER & CO.,<br><br>         Defendant. | Case No.:  20cv14 W (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT REQUEST TO EXTEND DISCOVERY CUT-OFF AND TRIAL RELATED DATES**<br><br>[ECF 38] |

  On October 9, 2020, the parties filed a Joint Request to Extend Discovery Cut-Off and Trial Related Dates.  (ECF 38.)  The parties seek to extend fact discovery, expert discovery, and the deadline to file pretrial motions by approximately 90 days.  For the reasons set forth below, the Motion is **GRANTED in part and DENIED in part**.

I.  **BACKGROUND**

  The parties previously requested a 90-day continuance of all deadlines in the Scheduling Order based on a change in the attorney handling the case for one of the parties, shifting to working remotely, and delays concerning in-person depositions.  (ECF 21.)  The Court found good cause to extend some of the deadlines, although not the 90 days requested.  (ECF 23.)

1

This second request is based on the need to conduct five depositions.  Two of the depositions were originally noticed for late June and early July but taken off calendar because of conflicts with Defendant's counsel's schedule.  (ECF 38 ¶ 2.)  These depositions were then rescheduled for more than two months later in late September.  (*Id.* ¶ 3.)  And then at some point, no date is given, Defendant's counsel informed Plaintiff's counsel these employees are "not available as on a leave of absence," their depositions will not be rescheduled until they return to the office, and Defendant's counsel does not anticipate they can be completed until mid-November.  (*Id.* ¶ 4.)  There is no indication when they can be rescheduled.

As to the third identified deposition, the head of Human Resources, that deposition was set for September 25, 2020, but the witness "became unavailable."  (*Id.* ¶ 5.)  Again, there is no indication when this witness "became unavailable" or why the witness became unavailable.  The need for the last two depositions only recently arose based on depositions conducted two weeks prior to the filing of this Motion.  (*Id.* ¶ 6.)  One is on a leave of absence and the Motion does not explain why the other has not been scheduled.  (*Id.* ¶ 6.)

## II.   DISCUSSION

Federal Rule of Civil Procedure 16 states that a schedule may be modified only for good cause and with the judge's consent.  In the absence of good cause, the court will not modify the scheduling order.  *See Johnson v Mammoth Recreations, Inc.,* 975 F.2d 604, 608-09 (9th Cir. 1992).  The inquiry under Rule 16(b)'s good cause standard primarily focuses on the diligence of the party seeking the amendment.  *Id.* at 609.  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Advisory Committee Notes to Federal Rule of Civil Procedure 16 (1983 amendment) and collecting cases).

The parties have not shown good cause for a blanket extension of fact discovery.  The only specific discovery the parties have identified "that remains outstanding," are the depositions identified above.  (Chambers Rules III.C.1 (one of the requirements for

1    request to amend the Scheduling Order is that the parties identify all specific discovery

2    that remains outstanding).  Accordingly, the Court will only consider allowing the parties

3    to conduct these five depositions after the close of fact discovery.

4         Based on the limited information in the Motion, three of the five depositions have

5    not been completed because of scheduling issues that are not sufficiently explained or

6    justified in the Motion.  The Court appreciates Plaintiff counsel's willingness to

7    accommodate Defendant's counsel's schedule and the witnesses' subsequent leaves of

8    absence as to the depositions originally scheduled in June and July as well as counsel's

9    willingness to cooperate in rescheduling the deposition of a witness that "became

10   unavailable."  (ECF 38 ¶ 5.)  However, based on the information provided, the Court is

11   doubtful these issues would constitute substantial justification[1] for cancelling depositions.

12   The Court presumes none of these delays are related to Covid-19 given the Court's prior

13   Order extending the deadlines in the Scheduling Order required any further extension

14   based on Covid-19 "specify how the restrictions have delayed the specific discovery they

15   are unable to complete by the . . . extended deadlines."[2]  There is simply very little

16   explanation why these depositions were not held as scheduled.

17        The Court is additionally concerned that none of the five identified depositions

18   have been scheduled.  Defendant vaguely anticipates two depositions originally

19   scheduled for June and July will be completed by "mid-November."  (*Id.* ¶ 4.)  As to the

20   others, there are no dates or even time frames for completion.  The Motion also lacks any

21   explanation of circumstances that have prevented rescheduling them.  In short, the

---

[1] When sanctions are sought for the untimely cancellation of a deposition, the cancelling party must provide substantial justification for their conduct. *See Rangel v. Mascorro*, 274 F.R.D. 585, 592-93 (S.D. Tex. 2011) *see also* Rule 37(d)(1)(A) & (d)(3) (failure to appear for a properly noticed deposition requires sanctions unless the "failure was substantially justified or other circumstances make an award unjust.").

[2] The Order also indicated that "to the extent any future extension requests are sought to accommodate the parties' preference to conduct depositions in-person, the parties must explain why the depositions cannot be taken remotely."  (ECF 23 at 2.)

1   parties' "good cause" for these lengthy extensions are delays that they have apparently

2   agreed to between the parties, but they have not sufficiently explained their good cause

3   and substantial justification for this second request.

4   Given the foregoing, the Court denies the request to extend the fact discovery

5   deadline but will allow these five identified depositions to be conducted after the close of

6   fact discovery. However, they must be completed on or before **November 16, 2020**.

7   Considering the history noted above regarding rescheduling and cancellation of

8   depositions by Defendant, the parties must meet and confer as soon as possible, but no

9   later than **October 21, 2020**, and determine the dates to take each deposition prior to the

10  November 16, 2020 deadline. Once the depositions are set, any changes must be

11  approved by the Court.[3] The parties may jointly call Chambers or submit a single one-

12  page letter brief to efile_skomal@casd.uscourts.gov providing substantial justification

13  (*see* n.1) for rescheduling and the new date for the impacted deposition.

14  As to the deadlines other than fact discovery, the parties have provided no

15  explanation or justification for extending those deadlines. They do not address them at

16  all. Accordingly, none of the other deadlines are extended.

17  To the extent the parties seek any further extension of the deadlines in the

18  Scheduling Order, including the November 16, 2020 deadline set above, counsel for both

19  parties "must include a declaration . . . detailing the steps taken to comply with the dates

20  and deadlines set in the order, and the specific reasons why [each] deadline [they seek to

21  extend] cannot be met, as well as the specific discovery that has been conducted, and

22  what specific discovery remains outstanding." (Chambers Rules III.C.) Additionally,

23  any request, whether joint or opposed, must identify when the outstanding discovery

24

25

---

26  [3] The Court is not inviting any additional discovery disputes from the parties but notes

27  that the Court "has wide discretion to establish the time and place of depositions." *Hyde*
    *& Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (citing *In re Standard Metals*

28  *Corp.*, 817 F.2d 625, 628 (10th Cir.1987), *cert. dismissed*, 488 U.S. 881, (1988)).

necessitating any extension can be completed.  If any extension of a deadline is based on completion of a deposition, the parties must also address whether the deposition could be completed earlier if done remotely.

**III.    CONCLUSION**

The Motion is **GRANTED in part and DENIED in part**.  The deadlines in the Scheduling Order are not extended, however, the identified depositions may be conducted on or before **November 16, 2020** in compliance with the limitations set above.

Dated:  October 19, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge

20cv14 W (BGS)